652 So.2d 69 (1995)
Joseph W. GIBSON, Sr.
v.
LESON CHEVROLET COMPANY, INC.
No. 94-CA-804.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1995.
*70 Paul D. Gibson, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for plaintiff-appellee.
Edwin A. Stoutz, Jr., New Orleans, for defendant-appellant.
Before KLIEBERT, C.J., and GRISBAUM and WICKER, JJ.
KLIEBERT, Chief Judge.
Joseph W. Gibson, Sr. filed suit against Leson Chevrolet Company, Inc. to recover monthly retirement payments of $200.00 which Leson paid from October 1980 through March 1989. Gibson alleges Leson was arbitrary and capricious in stopping the payments after March 1989. Leson answered the suit, alleging certain affirmative defenses and filed a reconventional demand against Gibson to recover the $200.00 monthly payments actually made. In prosecution of the suit, Gibson propounded certain discovery to Leson. Because Leson failed to respond to informal requests to respond and a previous court order to respond, the trial court found Leson in contempt of court, granted Gibson's motion to strike affirmative defenses, dismissed the reconventional demand of Leson and awarded Gibson $250.00 in attorney's fees, $116.00 in mileage expenses for counsel to come from Lafayette and all costs. Leson appeals. We set aside the judgment and remand for further proceedings.
Leson contends the trial court erred in two respects. First, because the court was informed at the October 15, 1993 hearing that Mr. Gibson died two weeks previous, he contends the judgment rendered was an absolute nullity and, hence, set it aside. Therefore, we do not reach the second assignment of error that the judgment dismissing Leson's affirmative defenses and reconventional demand is in error.
Upon the death of a litigant, a proper party plaintiff must be substituted to allow the action to continue. LSA-C.C.P. art. 801. Because counsel for plaintiff stated in open court that Mr. Gibson had died and the record does not reflect that a legal successor was substituted for the deceased party in the district court, the judgment in favor of Mr. Gibson is an absolute nullity. Fuller v. State of Louisiana, through DOTD, 615 So.2d 494 (La.App. 3rd Cir.1993).
Accordingly, the judgment of the district court in favor of Joseph W. Gibson, Sr., deceased, is declared a nullity and set aside. This case is remanded to the district court for such action as the law permits, including the substitution of the legal successor of the deceased party, the rendition and signing of a judgment in favor of the properly substituted party, and the perfection of an appeal from such judgment by any party to the action.[1]
*71 JUDGMENT SET ASIDE; CASE REMANDED.
NOTES
[1] This is how a similar problem was handled in Smith v. Burden Const. Co., 379 So.2d 1133 (La. App. 2nd Cir.1979).