FOGG, Judge.
By this appeal, the validity of a summary judgment rendered in favor of the defendant is questioned. The judgment appealed was rendered on February 5, 1995, against Evella Carr, pro se and as representative of the estate of Alfred Carr. On August 18, 1998, while appeal of that judgment was pending before this court, Jacqueline Carr, a daughter of Evella and Alfred Carr, filed a Motion to Substitute Real Party-in-Interest, alleging Evella Carr died on January 28, 1998, and urging this court to substitute her as heir for both Evella and Alfred Carr. Attached to the motion was a copy of what appears to be an announcement of Ev-ella Carr’s death taken from a newspaper. Such is insufficient to comply with the requirements for substitution set forth in LSA-C.C.P. art. 801. Therefore, we are unable to act on the motion to substitute. Additionally, we cannot render a judgment for or against a deceased person, as such is an absolute nullity. Charia v. Allstate Insurance Co., 93-1230 (La.App. 4 Cir. 3/29/94); 635 So.2d 370.
Therefore, in order to resolve the issue of a proper substitution for Evella Carr, we vacate that portion of the judgment of the trial court that names Evella Carr, in her capacity as representative of the estate of Alfred Carr. We remand this case to the trial court for substitution of the proper individual as representative of the estate of Alfred Carr. The ease is further remanded for determination of the proper party plaintiff to represent Evella Carr in her individual capacity. Such determinations should be based upon the proof required under LSA-C.C.P. art. 801.
VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.