751 So.2d 411 (2000)
Nesrin AKYAR
v.
Dr. Frederick LEE.
No. 99-CA-806.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
Writ Denied April 20, 2000.
*412 Jennifer N. Willis, R. Glenn Cater, Cater & Willis, New Orleans, Louisiana, Attorney for Appellant Nesrin Akyar.
Harold A. Thomas, New Orleans, Louisiana, Attorney for Appellee Dr. Frederick Lee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS DALEY and MARION F. EDWARDS.
CANNELLA, Judge.
Plaintiff, Nesrin Akyar, appeals a judgment dismissing her case against defendant, Dr. Frederick Lee, on the basis of abandonment. We reverse and remand.
Plaintiff filed a medical malpractice action against defendant on May 11, 1991, after a medical review panel found in favor of defendant. An answer was filed in August of 1992. Defendant died. On July 23, 1998, defendant's counsel filed a motion to dismiss based on abandonment, La. C.C.P. art. 561. The order was granted that day. Upon being notified of the dismissal and within 30 days of the order, plaintiff filed to set aside the dismissal. A hearing was held on April 7, 1999 and judgment was rendered in favor of defendant on April 8, 1999.
Defendant died during the pendency of the action and several years prior to the filing of the motion to dismiss and the April 8, 1999 judgment dismissing plaintiffs case. No party was substituted in the place of defendant. Thus, the judgment dismissing plaintiffs case is an absolute nullity. Gibson v. Leson Chevrolet Co., Inc., 94-804 (La.App. 5th Cir. 2/15/95), 652 So.2d 69, 70; Charia v. Allstate Ins. Co., 93-1230 (La.App. 4th Cir. 3/29/94), 635 So.2d 370, 371; Carr v. Hibernia Nat. Bank, 95 1342 (La.App. 1st Cir. 9/25/98), 720 So.2d 81, 82. However, under La. C.C.P. art. 561, we also find that the case is abandoned and address that issue for judicial economy.
C.C.P. art. 561 provides:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall *413 enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
Plaintiff argues that, prior to the 1997 amendment, the article did not permit plaintiff to move to set aside the dismissal within 30 days from the date of service. She contends that this indicates a legislative compromise to make the abandonment only "presumptive", in exchange for the shortened time period. Plaintiff contends that, if plaintiff files a timely motion to contest the dismissal, that act constitutes evidence that the party did not intend to abandon the case and the dismissal based on presumptive abandonment should be set aside.
After reviewing the various amendments to C.C.P. art. 561, we conclude that the 30-day provision allowing a plaintiff to file a motion to set aside the dismissal does not negate prior law that the dismissal may be vacated only if the party can show one of two exceptions. The first is when defendant waives the issue by taking actions inconsistent with its intent to treat the case as abandoned and the second is when the failure to prosecute was caused by circumstances beyond plaintiff's control. Melancon v. Continental Cas. Co., 307 So.2d 308, 311 (La.1975); Modeliste v. Sehorn, 94-1994 (La.App. 4th Cir. 3/29/95), 653 So.2d 753, 755; Jones v. Phelps, 95 0607 (La.App. 1st Cir. 11/9/95), 665 So.2d 30, 34. These exceptions have been applied by the courts from at least 1975 and after the 1982, 1983 and 1987 amendments. In the absence of contrary language in the statute, there is nothing to indicate that the legislature intended to overrule those jurisprudential exceptions, thus allowing plaintiff to revive the action simply by filing a motion to contest the dismissal.[1] Therefore, we hold that plaintiff must show one of the exceptions to the rule in order to have the dismissal set aside. Since plaintiff failed to do so in this case, the trial judge correctly dismissed plaintiffs action on the basis of abandonment.
Because there was no proper defendant in the case when the exception was decided, the judgment is a nullity. To remedy this, we remand the case to the district court for substitution of the legal successor of the deceased party in the pleadings and judgment. See: Gibson v. Leson Chevrolet Co., Inc., 652 So.2d at 70. However, we note that this resolution is a procedural correction only. Since the abandonment statute is clearly applicable in this case, we suggest that a second appeal of that judgment would be a futile act.
Accordingly, the judgment of the trial court is hereby reversed and the case remanded for substitution of the legal successor of the deceased party. Costs of appeal are to be paid by defendant.
REVERSED AND REMANDED.
NOTES
[1] In Acts 1966, No. 36 and Acts 1982, No. 186, the legislature added provisions relative to the appellate court. In Acts 1983, No. 670, paragraphs concerning successions were added. In Acts 1987, No. 149, the legislature added a sentence permitting the trial judge to hold a contradictory hearing prior to dismissal. In Acts 1997, No. 1221, the time period was shortened and plaintiff is given 30 days to file a motion to have the order of dismissal set aside. The 1997 Act also added that formal discovery is a step in the proceedings.