| .CANNELLA, Judge.
This is an appeal by plaintiff, Dimitrios Keramidas (Keramidas), from a summary judgment granted in a maritime case to defendants, Profile Shipping Limited (Profile) and Steamship Mutual Underwriting Association Limited (Steamship). We vacate the judgment and remand for further proceedings.
Keramidas was a Greek seaman who became sick aboard his ship while it was docked in St. Charles Parish in January of 1999. He was provided medical treatment for sepsis at East Jefferson General Hospital in Metairie, Louisiana. On March 8, 1999, suit was filed on his behalf under maritime law and the Jones Act. Kerami-das received considerable medical treatment at East Jefferson General Hospital for two months as his condition deteriorated. While still extremely ill, but with medical approval, Keramidas was then transported back to Greece. Keramidas never recovered from his illness and died in Athens, Greece on May 26, 1999. The death certificate states that the death was caused by “Marked myocardial degeneration, peritoNitis (sic) due to large bowel rupture.”
|sOn May 27, 1999, Keramidas’ counsel filed a motion to substitute Keramidas’ wife, Anastasia Barola and minor son, Per-iklis Keramidas, as plaintiffs. The motion was contested by defendants for lack of procedural capacity, improper venue and no cause of action under United States law. In addition, on June 24, 1999, Profile and Steamship filed a Motion for Summary Judgment contending that, under the forum selection clause of the seaman’s employment agreement, the country of Cyprus, not the United States, is the proper forum to bring the suit. A hearing was held on both motions on July 9, 1999. At that time, the trial judge stated he would defer ruling on the motion for substitution because it would be moot if the United States was not the proper forum for the action. On August 3, 1999 and amended on August 19, 1999, the trial judge granted the Motion for Summary Judgment filed by defendants. He did not rule on the motion for substitution.
On appeal, the issue is whether the forum selection clause is enforceable. However, the appeal is not properly before us. The trial judge erred in failing to rule on the substitution prior to deciding the motion for summary judgment. Since neither-the estate nor heirs were substituted for the deceased plaintiff, there is no party against whom a summary judgment may be granted or for whom an appeal may be *824 taken. Thus, the summary judgment, which has the effect of dismissing the case, is an absolute nullity. Gibson v. Leson Chevrolet Co., Inc., 94-804 (La.App. 5th Cir. 2/15/95), 652 So.2d 69, 70; Chana v. Allstate Ins. Co., 93-1230 (La.App. 4th Cir. 3/29/94), 635 So.2d 370, 371; Carr v. Hibernia Nat. Bank, 95 1342 (La.App. 1st Cir. 9/25/98), 720 So.2d 81, 82. Consequently, we must vacate the judgment and remand the case for further proceedings. See: Gibson v. Leson Chevrolet Co., Inc., 652 So.2d at 70; Akyar v. Lee, 99-806 (La.App. 5th Cir. 1/25/00), 751 So.2d 411.[1]
Accordingly, the judgment of the trial court is hereby vacated and the case remanded for further proceedings.
Costs of this appeal are to be paid by Profile and Steamship.
JUDGMENT VACATED; CASE REMANDED.

. Because the issue of substitution is contested, the trial judge must conduct a hearing on the matter.