785 So.2d 1004 (2001)
Dimitrios KERAMIDAS
v.
PROFILE SHIPPING LIMITED and Steamship Mutual Underwriting Association Limited, and Guise Shipping Enterprises Corporation.
No. 00-CA-1852.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2001.
*1006 Richard K. Leefe, Leefe, Gibbs & Koehler, Metairie, LA, Attorney for Appellants, Anastasia Barol, Periklis Keramidas and George Evdoxiadas, Succession Representative.
Charles F. Lozes, L.R. Debuys, IV, New Orleans, LA, Attorney for Appellees, Profile Shipping, Ltd. and Steamship Mutual Underwriting Association (Bermuda) Limited.
Panel composed of Judges DUFRESNE, CANNELLA and McMANUS.
CANNELLA, Judge.
Plaintiffs, Anastasia Barola (Anastasia) and her minor son, Periklis Keramidas, and George Evdoxiadis, Executor of the Estate of Dimitrios Keramidas (Decedent), appeal from a summary judgment granted in a maritime case to Defendants, Profile Shipping Limited (Profile) and Steamship Mutual Underwriting Association Limited (Steamship). We affirm.
In Keramidas v. Guise Shipping Enterprises Corp., 99-1133 (La.App. 5th Cir.2/29/00), 757 So.2d 822, we set out the facts as follows:[1]
Keramidas was a Greek seaman who became sick aboard his ship while it was docked in St. Charles Parish in January of 1999. He was provided medical treatment for sepsis at East Jefferson General Hospital in Metairie, Louisiana. On March 8, 1999, suit was filed on his behalf under maritime law and the Jones Act. Keramidas received considerable medical treatment at East Jefferson General Hospital for two months as his condition deteriorated. While still extremely ill, but with medical approval, Keramidas was then transported back to Greece. Keramidas never recovered from his illness and died in Athens, Greece on May 26, 1999. The death certificate states that the death was caused by "Marked myocardial degeneration, peritoNitis (sic) due to large bowel rupture."
On June 24, 1999, Profile and Steamship filed a Motion for Summary Judgment contending that, under the forum selection clause of the seaman's employment agreement, the country of Cyprus, not the United States, is the proper forum to bring the suit. The trial judge granted the motion on June 22, 2000, without prejudice to Plaintiffs' right to bring the suit in Cyprus under Cyprus law. The judgment is "conditioned upon there being a right of action by the `appropriate representation' for the death of Mr. Keramidas against Profile in Cyprus in the event liability is established under Cypriot law." The judgment further states that "Plaintiffs can petition this Court for further relief if, after final appeal in Cyprus, such right of action is held not to exist through no lapse of statute of limitations or through no fault, action, inaction or conduct on behalf of the Plaintiff(s) in that action."
*1007 On appeal, the issue is whether the forum selection clause is enforceable. Plaintiffs first assert that the summary judgment was improper because there are factual issues in dispute as to whether the forum selection clause in the employment contract should be enforced. Second, they assert that La. R.S. 23:921A(2), enacted in 1999, prohibits the enforcement of forum selection clauses in employment contracts. Third, Plaintiffs argue that, even if federal, rather than Louisiana law applies, enforcement of the clause is against the strong public policy of Louisiana, as set forth in R.S. 23:921A(2). Next, Plaintiffs contend that Decedent's employment contract cannot deny the right of the widow and son to bring their survivorship claim in a valid venue and jurisdiction. Fifth, they argue that the trial judge erred in requiring Plaintiffs to bring the action in Cyprus and limiting itself to jurisdiction only on verification that there is no action there "by other than prescription."

SUMMARY JUDGMENT
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The appellate court reviews a summary judgment de novo, applying the same standard as the trial judge. Following the amendment of the summary judgment law, summary judgment is favored and shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2); Araujo v. Eitmann, 99-1377 (La.App. 5th Cir.5/17/00), 762 So.2d 223, 225.

APPLICABLE LAW
Plaintiffs assert that La. R.S. 23:921A(2) prohibits the enforcement of a forum selection clause in an employment contract, even in a maritime case, as a matter of public policy. They further argue that on remand in Lejano v. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158, the district court found that R.S. 23:921A(2) applied to the enforcement of the forum selection clause in that maritime case. This court denied writs from that ruling. Lejano v. Bandak, 00-1133 (La.App. 5th Cir.6/30/00). However, writs were filed with the Louisiana Supreme Court on August 2, 2000 and no ruling has been rendered at this time.
In the Louisiana Supreme Court opinion rendered in Lejano prior to the remand, the court extensively analyzed the law related to forum selection clauses as they apply in admiralty cases and to the state's application of its laws. The court stated:
As earlier stated, generally, state courts are free to follow the state's own procedural rules. Generally, questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive in nature. Because the validity and interpretation of forum selection clauses are regarded as procedural, they are generally controlled by state law. However, the United States Supreme Court has determined that in admiralty cases, federal law governs the enforceability of forum selection clauses. [Emphasis added; citations omitted]
Lejano, 705 So.2d at 166; Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622.
The Lejano court explained that in maritime contract cases, the federal interest in uniformity is at its "zenith." Id. The court then held that the state courts should examine the validity and enforceability of forum selection clauses in admiralty cases in accordance with federal law and standards. See also: Lysogorov v. Novorosyisk *1008 Shipping Co., 98-270 (La.App. 5th Cir.10/28/98), 722 So.2d 1030, 1034-1035. Thus, as state law does not apply to maritime forum selection clauses, R.S. 23:921A(2) is inapplicable.[2]See also: Sawicki v. K/S Stavanger Prince, 99-1459 (La.App. 4th Cir.12/27/00), 778 So.2d 620.
On remand in Lejano, the trial judge set the matter for trial and declined to dismiss the case based on the forum selection clause, finding that the enforcement of the clause would be unjust under the circumstances in that case. However, neither the district court decision nor the writ denial in the Lejano case on remand have any precedential value. We further note that Defendants have filed for writs with the Louisiana Supreme Court, which are pending. Thus, we will not address this argument and will apply federal law to the forum selection clause in this maritime employment contract.
Under federal law, forum selection clauses are "prima facie valid." Lejano, 705 So.2d at 166; The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). They should be enforced unless there is a clear showing that enforcement would be unreasonable under the circumstances, unjust, or that the clause is invalid for reason of fraud or overreaching. Lejano, 705 So.2d at 172; The Bremen, 407 U.S. at 15, 92 S.Ct. at 1916. In The Bremen, the court stated that a contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision. However, "When the Bremen court used the terms unjust and unreasonable' it was not referring to [Prado's] desire to choose the forum of maximum recovery." Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 703 (La. App. 4th Cir.1992), writ not considered, 613 So.2d 986 (La.1993); Lejano, 705 So.2d at 170. Thus, a forum selection clause in a maritime employment contract is enforceable in the absence of fraud, overreaching, unjust result, if it is unreasonable under the circumstances, or if it contravenes a strong public policy of the state.

FORUM NON CONVENIENS
Plaintiffs further state that this provision is a disguised dismissal on the basis of forum non conveniens, which is prohibited under Louisiana law. In Lejano the court noted that the doctrine of forum non conveniens is not a characteristic feature of admiralty law, nor is it a doctrine whose uniform application is necessary to maintain the proper harmony of maritime law. Thus, Louisiana has the authority to decline its application to maritime cases. Lejano, 705 So.2d at 165. Louisiana, at the time Lejano was rendered, prohibited the application of forum non conveniens to maritime cases. However, the Court in Lejano stated that the Court must first decide if the a forum selection clause is valid and enforceable, before deciding if it is fact a disguised transfer on the basis of forum non conveniens. The Court held that if the forum selection clause is found to be valid and enforceable, a transfer to the selected forum cannot be a disguised transfer on the basis of forum non conveniens.

EXCEPTIONS TO ENFORCEABILITY PUBLIC POLICY
Plaintiffs contend that even under federal law the forum selection clause is unenforceable because the state's enactment of R S. 23:921 A(2) prohibiting the enforcement of forum selection clauses in employment contracts indicates that Louisiana *1009 has a strong public policy against enforcing such clauses. However, a similar argument was made and rejected in Lejano in reference to La. R.S. 51:1407, the Unfair Trade Practices and Consumer Protection Law. There the Act specifically stated that forum selection clauses are against the public policy of the state. However, the court determined that the Unfair Trade Practices and Consumer Protection Law does not apply to maritime law. The court noted the intent of the provision was to provide a venue for Louisiana residents to sue professional solicitors and its scope was limited to interactions between out-of-state, professional telephone solicitors and Louisiana residents. The court also concluded that the legislature would have included a statement relative to maritime contracts in the provision, had it intended the prohibition to apply to those contracts. See similar results relative to the Louisiana Oilfield Indemnity Act, La. R.S. 9:2780: Lefler v. Atlantic Richfield Co., Inc. 785 F.2d 1341, 1343 (5th Cir.1986) and Dupont v. Sandefer Oil & Gas, Inc., 963 F.2d 60 (5th Cir.1992).
La. R.S. 23:921 states, in part:
[A.] (2) The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.
This provision is located in the Labor and Workers' Compensation section of the revised statutes. It reiterates the Louisiana public policy of prohibiting forum selection clauses that is also found in the Unfair Trade Practices and Consumer Law. However, we conclude that R.S. 23:921A(2) does not apply to maritime contracts because the revised statutes on labor and workers' compensation are designed to protect Louisiana employees (and employers), and had the legislature intended to include foreign maritime workers, it would have included a statement to that effect. Furthermore, if there was an intent to overrule Lejano, the legislature would have mentioned it in the Act or in the discussions in the legislature, which were provided by Defendants in support of the motion for summary judgment. Thus, as to maritime contracts of employment, we find that the public policy embodied in R.S. 23:921 is inapplicable.

EXCEPTIONS TO ENFORCEABILITY UNREASONABLENESS
Plaintiffs first argue that the enforcement of the contract is unreasonable because the deceased was not a member of the union that negotiated the agreement, citing Abuan v. Smedvig Tankships, Ltd., 96-1013 (La.App. 4th Cir.6/24/98), 717 So.2d 1194. In Abuan, the court determined that the forum selection clause in a employment contract was not enforceable although it was identical to the one in Lejano. However, the Plaintiff in Abuan, unlike Mr. Lejano, was not a member of AMOSUP, the Philippine union that was a party to the collective bargaining agreement (CBA) from which the Philippine Overseas Employment Administration contract was derived. Abuan, 717 So.2d at 1198. In addition, the court found that the Plaintiff in Abuan was not aware of the CBA, did not receive the compensation *1010 paid regular crew members, and was a first-time seaman. The court concluded that the forum selection clause under those circumstances was unreasonable and unjust and was not enforceable under federal law. The trial court also concluded that neither the law of Norway, nor the Philippines would enforce the forum selection clause under those facts.
In Marinechance Shipping Ltd. v. Sebastian, 143 F.3d 216 (5th Cir.1998), the court enforced an identical Philippine employment forum selection clause even though the seaman was not a member of the union, citing Carnival Cruise Lines, Inc. In Carnival Cruise Lines, Inc., a passenger on the cruise ship brought a slip and fall negligence action in Washington. The ticket authorizing passage aboard the ship contained a clause requiring all disputed cases to be filed in the state of Florida. The passenger attacked the clause claiming it was invalid because it was not the product of negotiation and tended to deprive the passenger of her day in court. The court rejected these arguments, finding that, even though the passenger did not and could not bargain for this forum selection clause due to a lack of bargaining power, the forum selection clauses in routine contracts of passage are enforceable so long as they are reasonable. The court noted that it was reasonable because it "limited the cruise lines' exposure to suits in multiple forums, eliminated passenger's confusion about where to file suit against Carnival Cruise Lines, and tended to reduce ticket prices." Carnival Cruise Lines, Inc., 499 U.S. at 593-94, 111 S.Ct. at 1527-28.
Based on the jurisprudence, lack of membership in the union that negotiated the agreement is not sufficient alone to invalidate the forum selection clause. In addition, the deceased not being a member of the union does not invalidate the agreement. Unlike in Abuan, the deceased here was a veteran seaman, who according to the document he signed, understood the terms of the employment agreement, which was negotiated by two unions in Cyprus.
Plaintiffs second assert that the clause is unenforceable because it leads to an unjust result and is unreasonable under the particular circumstances. Anastasia's affidavit asserts that Plaintiffs cannot afford to pursue the case in Cyprus. Plaintiffs contend that it is expensive to travel from Greece to Cyprus and that those costs cannot be offset by the low amounts of compensation set out in the contract.
The clause in this agreement is part of the deceased seaman's employment contract, which was signed by him. The agreement incorporates the Cyprus Collective Agreement negotiated, according to the agreement, by the Federation of Transport, Petroleum & Agriculture Workers of Cyprus (FTPAW-SEK) and the Cyprus Agricultural, Forestry Transport, Port, Seamen and Allied Occupations Trade Union PEO (SEGDAMELINPEO). The ship sailed under the flag of Cyprus. Defendant, Profile, owned the ship and is located in Cyprus. The deceased, a Greek citizen, was not a member of the union(s) that negotiated the contract, but agreed to be bound by the terms when he signed on as a crew member of the ship. He had no connection with Cyprus, nor does he have any connection with the United States (U.S.), other than he had the misfortune to become ill while the ship was docked here.
Under Chapter 12 of the agreement, compensation to the seaman for death during a voyage is 16,200,000 drachmas. The value to the U.S. dollar in 1999 of each drachma was 317.9000, according to the currency comparison chart provided by Plaintiffs. This equates to approximately *1011 $50,959.42 in U.S. dollars. In addition, under the contract, the deceased's son is entitled to 3,090,000 drachmas for the death of his father. For incapacity due to illness or injury, the seaman is entitled to a maximum of 86% of the 16,200,000 drachmas. In Chapter 13, Paragraph two, the contract further provides that the seaman is entitled to payment for nursing care while off the ship and his basic salary, leave pay, food allowance and length-of-service bonus for the maximum of four months, with no other entitlement to any other financial grant or damages for "the resolution of this agreement."
By United States standards, this may be a low amount of compensation for the terrible illness and death that this seaman endured, and for the compensation to his surviving child. However, enforcement of the clause is not "unjust and unreasonable" solely because the selected forum is not the forum of maximum recovery. Thus, we find that enforcement of the forum selection clause is reasonable under these facts.

WIDOW AND SON NOT PARTIES TO THE CONTRACT
Plaintiffs also argue that the widow and son have a cause of action under Louisiana law for their loss that they are precluded from in the agreement. They contend that since they were not parties to the agreement, it does not apply to their claims. They contend that their right of action is under La.C.C. art. 2315.1.
A review of the contract shows that it is intended to apply to both the Decedent and his family and/or the Deceased's property administrator. Chapter 12, Paragraph A, provides that the compensation for loss of life "represents the full and final settlement for every claim that the seaman's property administrator and/or the seaman's family members may have." Thus, we find that Plaintiffs' claims are limited to the Decedent's agreement with the shipowner.
Accordingly, the summary judgment is hereby affirmed. Costs of this appeal are to be divided between the parties.
AFFIRMED.
NOTES
[1] We dismissed the first appeal in this case and remanded it because the trial judge failed to rule on a motion to substitute the wife and minor child of Decedent as Plaintiffs following his death. See: Keramidas v. Guise Shipping Enterprises Corp., 99-1133 (La.App. 5th Cir.2/29/00), 757 So.2d 822. Subsequently, the trial judge granted the motion filed by Mrs. Keramidas individually and on behalf of her minor child, and one filed by the Executor of the Decedent's estate, George Evdoxiadis.
[2] We note that R.S. 23:921A(2) was added in 1999.