803 So.2d 210 (2001)
L.V. MANUEL, as Provisional Tutor of the Minors Jessica Marie Laborde and Christopher Jacob Laborde
v.
NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION.
No. 01-CA-735.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
*211 Charles M. Lanier, Jr., John K. Nieset, Christovich & Kearney, New Orleans, LA, Counsel for L.V. Manuel, Plaintiff-Appellant.
Maura Z. Pelleteri Krystil B. Cook Krebs, Farley & Pelleteri, L.L.C., New Orleans, LA, Counsel for New York Life Insurance and Annuity Corporation, Defendant-Appellee.
SUSAN M. CHEHARDY, Judge.
This is an appeal from a summary judgment dismissing this action for benefits under a life insurance policy, on the ground that the insured had surrendered the policy before his death. On reviewing the matter prior to ruling on its merits, we discovered facts from another case pending before this Court that indicated the judgment in this matter is null. Specifically, we learned that the plaintiff herein, L.V. Manuel, provisional tutor of Jessica Marie Laborde and Christopher Jacob Laborde, died on November 12, 2000.[1] It appears that no party was substituted in his place. Nevertheless, judgment was rendered against him on March 21, 2001 and a motion for appeal in his name was filed on April 6, 2001, which was signed on April 9, 2001.
Upon the death of a litigant, a proper party plaintiff must be substituted to allow the action to continue. La.C.C.P. art. 801; Gibson v. Leson Chevrolet Co., Inc., 94-804 (La.App. 5 Cir. 2/15/95), 652 So.2d 69, 70. A judgment rendered against a deceased party is an absolute nullity. Akyar v. Lee, 99-806 (La.App. 5 Cir. 1/25/00), 751 So.2d 411, 412, writ denied, 00-616 (La.4/20/00), 760 So.2d 348.
We ordered the parties to show cause why the judgment should not be vacated and the matter remanded. The parties complied with our order and filed briefs addressing the issue.
The brief on behalf of appellant states that L.V. Manuel died during the interim between argument of the motion for summary judgment (May 5, 2000) and rendition of the district court's judgment (March 21, 2001). It further states that Jessica Marie Laborde attained the age of majority, that she was appointed provisional tutrix of the minor Christopher Jacob Laborde on May 18, 2001, and that appellants have no opposition to vacating the judgment and remanding for substitution of parties.
Appellee, New York Life, opposes remand of the matter or declaration that the judgment is null. Appellee contends we may substitute Jessica Laborde as plaintiff on her own behalf and without remand because she became a major in the year 2000, prior to rendition of the judgment. Appellee asks us, in effect, to take judicial notice that Jessica Laborde has attained the age of majority. Further, appellee contends that Jessica Laborde is the only party who could have had any interest in *212 the life insurance policy at issue because Jessica Laborde was second beneficiary on the policy (after the first beneficiary, Cynthia M. Laborde, Jessica's deceased mother), while Christopher Laborde was never named on the policy. Thus, appellee asserts, Jessica would have been entitled to all the death benefits due under the policy had the insured not surrendered the policy before his death.
Alternatively, if we find the judgment appealed is null, appellee moves to assess all costs associated with this appeal against plaintiff-appellant. Appellee points out that counsel for appellant failed to notify appellee's counsel that L.V. Manuel had died or that Jessica Laborde had attained the age of majority and filed the appeal with knowledge of both those events. Appellee asserts it is entitled to sanctions for these omissions.
We conclude that the judgment is null. The district court is the appropriate forum to resolve the issues concerning status of the party or parties plaintiff, as well as to rule on any request for sanctions. Accordingly, the matter is remanded for further proceedings.
Appellee's motion for assessment of costs is granted; costs of this appeal are assessed against the appellant, L.V. Manuel, or against the party substituted in his place.
VACATED AND REMANDED.
NOTES
[1] Case number 01-CA-498, Succession of L.V. Joseph Manuel, an appeal of number 561-437 of the Twenty-fourth Judicial District Court, Parish of Jefferson, was submitted to this Court for decision on October 4, 2001. We take judicial notice of the case record of the appeal because it is lodged with this Court. After review of the pleadings, it is clear that the decedent in that case was the same person as the plaintiff in this matter.