# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1102


PATRICK E. PHILLIPS, JR., ET AL.

VERSUS

G & H SEED COMPANY, INC., ET AL.


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 00-C-2220-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


Andre F. Toce
The Toce Firm, APLC
P. O. Box 158
Broussard, LA 70518-0158
(337) 233-6818
Counsel for Intervenor-Appellant:
Tess Wiltz d/b/a Opelousas Crawfish House, et al.

**Robert E. Dille**
**Gary A. Bezet**
**Carol L. Galloway**
**Allison N. Benoit**
**Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.**
**P. O. Box 3513**
**Baton Rouge, LA 70821-3513**
**(225) 387-0999**
**Counsel for Defendants-Appellees:**
**Michael G. Redlich**
**Bayer CropScience, LP**

**Louis C. Lacour, Jr.**
**Raymond B. Ward**
**Adams and Reese L.L.P.**
**701 Poydras St., Suite 4500**
**New Orleans, LA   70139**
**(504) 581-3234**
**Counsel for Defendants-Appellees:**
**Michael G. Redlich**
**Bayer CropScience, LP**

**Terrence McCay**
**Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.**
**One Lakeshore Dr., Suite 1150**
**Lake Charles, LA 70629**
**(337) 439-0490**
**Counsel for Defendants-Appellees:**
**Michael G. Redlich**
**Bayer CropScience, LP**

**Michael T. Pulaski**
**Keith W. McDaniel**
**Allen V. Davis**
**McCranie, Sistrunk, Anzelmo, Hardy & McDaniel, PC**
**195 Greenbriar Blvd., Suite 200**
**Covington, LA 70433**
**(504) 846-8332**
**Counsel for Defendant-Appellee:**
**Allianz Global Risks Us Insurance Company**

**PICKETT, Judge.**

The appellant, Tess Wiltz d/b/a Opelousas Crawfish House, appeals a judgment of the trial court dismissing her petition to intervene.

## STATEMENT OF THE CASE

A brief history of this case is helpful to understanding the issue before this court. In 2000, Patrick Phillips d/b/a Phillips Seafood and Atchafalaya Crawfish Processors, Inc., filed a Class Action Petition. They sought to represent a class of crawfish buyers and processors who were harmed by the use of the pesticide ICON in rice fields that also served as crawfish ponds. Named as defendants in that suit were the manufacturers and sellers of ICON. In May 2005, the plaintiffs filed a Fourth Amended and Consolidated Petition for Damages. In this petition, the plaintiffs abandoned their class action suit and named fifty-two plaintiffs who were buyers and processors of crawfish. The matter proceeded to trial in July 2007, with three bellwether plaintiffs representing the rest of the plaintiffs. The trial resulted in judgments against the manufacturer of ICON, a sales representative, and the weather. The jury awarded a total of $1,750,000 in damages to the three plaintiffs. On appeal, a five-judge panel of this court reversed the judgment of the trial court, finding that the plaintiffs failed to state a cause of action against the manufacturer because they did not have a proprietary interest in the crawfish killed by the use of ICON. *Phillips v. G & H Seed Co.*, 08-934 (La.App. 3 Cir. 4/8/09), 10 So.2d 339, *writ denied*, 09-1504 (La. 10/30/09), 21 So.3d 284, *reconsideration not considered*, (La. 1/8/10), ___ So.2d ___.

1

While that appeal was pending, on November 17, 2007, the plaintiffs filed a motion to amend in order to file a "First Resurrected, Reinstigated and Restated Class Action Petition for Damages." In it, two of the fifty-two plaintiffs named in the Fourth Supplemental and Consolidated Petition for Damages attempted to resurrect the class action suit as the class representatives. The trial court ordered a hearing, and, following the hearing, it denied the Motion to Amend. At the hearing, the trial court ordered the parties to send notice to potential class members that the class action was no longer ongoing and advising them of their rights. This notice was signed by the trial court on March 12, 2008, and sent to the potential class members.

Within thirty days of receiving this notice, Tess Wiltz, d/b/a Opelousas Crawfish House, filed an "Intervenor's Class Action Petition." In response, the defendants filed a Motion to Dismiss the petition in intervention, arguing that the trial court had not granted leave to intervene as required by La.Code Civ.P. art. 1033. The plaintiff then filed a "Protective Motion for Leave to Intervene." Following a hearing on November 17, 2008, the trial court, which considered the motion as one to strike the petition in intervention, granted the motion to dismiss, struck the Wiltz petition, and denied Wiltz's Motion for Leave to Intervene. The trial court also denied an oral motion made by Wiltz to require that members of the class that Wiltz attempted to represent be notified that her class action was being dismissed. The judgment was signed on January 9, 2009. The trial court denied Wiltz's motion for a new trial in a judgment signed on July 1, 2009. Wiltz filed a Motion for an Order of Appeal on the same date. She later amended her appeal in the trial court to join all of the named plaintiffs in the appeal.

## ASSIGNMENTS OF ERROR

Wiltz asserts five assignments of error:

1. The trial court erred by summarily striking Wiltz's entire petition, including the assertion therein of her individual claims.
2. The trial court erred by refusing to grant Wiltz leave to intervene.
3. The trial court erred when it denied the Motion to Amend, by appellants Brown and Robichaux, to restore the Phillips class allegations.
4. The trial court erred by granting Defendant's Motion to Dismiss Wiltz's Petition in Intervention.
5. The trial court erred by denying Appellants' Motion for Notice to members of the Wiltz Class that the Wiltz Class Action had been dismissed.

## DISCUSSION

At the outset, we note that Wiltz and the forty-six plaintiffs still remaining in the underlying suit failed to brief the third assignment of error. "All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Uniform Rules – Courts of Appeal, Rule 2-12.4. Therefore, we consider the appellants' third assignment of error abandoned.

Wiltz's first, second, and fourth assignments of error concern the trial court's dismissal of Wiltz's petition to intervene in this lawsuit. Louisiana Code of Civil Procedure Article 1033 states:

> An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
>
> An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
>
> An incidental demand that requires leave of court to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted.

3

An intervention is an incidental demand. La.Code Civ.P. art. 1031(B). Articles 1066 and 1092 are not implicated in this case. Wiltz's intervention was filed well after the answer in this case. Therefore, leave of court is required in order for the petition for intervention to be filed. The trial court has broad discretion in determining whether to allow an intervention to be filed after the answer and in determining if the intervention will retard the progress of the suit. *Charia v. Allstate Ins. Co.*, 93-1230 (La.App. 4 Cir. 3/29/94), 635 So.2d 370. We will not overturn the trial court unless we find an abuse of that discretion.

Here, the plaintiffs abandoned their attempts to certify a class in May 2005. The trial court denied their attempt to convert this matter to a class action after the July 2007 trial was successful. Now, they attempt to have an intervenor, who is represented by the same attorneys who represent the plaintiffs, convert the action to a class action. The trial court determined in his reasons for ruling that this effort would retard the progress of the main demand. We find no abuse of discretion in the trial court's determination.

We are not persuaded by the appellants that La.Code Civ.P. art. 596 requires a different result. Article 596, which relates to class actions, states:

> Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
>
> (1) As to any person electing to be excluded from the class, from the submission of that person's election form;
>
> (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice

4

to such person that the class has been restricted or otherwise redefined so as to exclude him;  or

(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

This article only concerns the prescriptive period for Wiltz to file a suit against the defendants.  It does not require the trial court to allow her to intervene to convert the suit back to a class action.  We find no merit in this assignment of error.

Finally, we find that the trial court did not err in refusing to order notice to members of the class that the class action had been dismissed.  The trial court ordered such a notice in March 2008.  We find no rationale for the court to require that this notice be sent again because of its denial of leave of court to file the intervention.

## CONCLUSION

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to the appellants.

**AFFIRMED.**