341 So.2d 611 (1977)
VOLUME SHOE CORPORATION et al., Plaintiffs-Appellees,
v.
Mary L. ARMATO, Defendant-Appellant.
No. 13111.
Court of Appeal of Louisiana, Second Circuit.
January 10, 1977.
*612 Brocato & Mangham by C. P. Brocato, Shreveport, for defendant-appellant Mary L. Armato.
Blanchard, Walker, O'Quin & Roberts by J. Edgerton Pierson, Jr., Shreveport, for plaintiffs-appellees and intervenors-appellees, Pay-Less Shoes, et al.
Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for plaintiff-appellee Aetna Cas. & Sur. Co. and Mary L. Armato, defendant-appellant.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
Defendant Mary Armato's automobile veered off the roadway after an intersectional collision and crashed into the Pay-Less Shoe store in Shreveport. Damages to the building, fixtures, and merchandise totaled almost $36,000.
Plaintiff Fireman's Fund Insurance Company, hazard insurer for the building, merchandise and store fixtures, paid to Volume Shoe Corporation the portion of the loss covered by its policy. Volume Shoe and Fireman's sued Mrs. Armato and her automobile insurer, Aetna Casualty & Surety Company, for the total loss ($35,932.50), asserting all damages were the result of her negligence. Fireman's Fund Insurance Company asserted it had a subrogated claim in the amount of $29,512.85, while Volume Shoe Corporation claimed nonsubrogated damages of $6,419.65.
The case came to trial on April 9, 1974. At the end of the day's testimony, the case was held open for 30 days by agreement of counsel in order to permit the taking of two depositions. After the depositions were taken but prior to the expiration of the 30 day period or filing of the depositions in the record, Pay-Less Shoe # 380 Company, Inc. and Roy C. Page filed a motion for leave of court to intervene. Pay-Less # 380 is a wholly owned subsidiary of Volume Shoe Corporation and is the actual owner of the damaged fixtures and merchandise. Roy C. Page is owner and lessor of the damaged building.
After argument and filing of briefs, the trial court allowed the intervention. Judgment was rendered in favor of Fireman's Fund Insurance Company and Pay-Less # 380 Company, Inc. against Mary L. Armato for $35,932.50, subject to a credit of $10,000 earlier deposited in the registry of the court by her insurance company. Page's claim asserted in the intervention was not recognized because it was held validly subrogated to Pay-Less # 380 and Fireman's Fund. Mary Armato appeals. We affirm.
Appellant first asserts Fireman's Fund has not been validly subrogated because payment under the policy was made to Volume Shoe and not to Pay-Less # 380. She further asserts the conventional subrogation given by Volume Shoe cannot subrogate Fireman's Fund to the claims of Pay-Less # 380, even though the officer of Volume Shoe signing the subrogation was also an officer of Pay-Less # 380, and it was his stated intent to convey any and all possible rights against Mary Armato to Fireman's Fund.
We think the payment to Volume Shoe by Fireman's Fund for the fixtures and merchandise had the same effect as a direct payment to Pay-Less # 380. Although the actual check was payable and delivered to Volume Shoe, the money was transferred by Volume Shoe to Pay-Less # 380 by various *613 bookkeeping entries. Such indirect payment is recognized in Civil Code Art. 2140, which provides:
"The payment must be made to the creditor, or to some person having a power from him to receive it, or who is authorized by a court, or by law, to receive it for him.
"Payment made to a person, not having power to receive it for the creditor, is valid, if the creditor has ratified it, or has profited by it." (Emphasis added)
The same result occurred with regard to the damages to the building owned by Page when Fireman's Fund delivered a check payable to Volume Shoe and Page (thereafter endorsed by him) to Volume Shoe for the benefit of Pay-Less # 380, which had paid for damages to the building under a contractual obligation contained in its lease with Page.
Regardless of the effect of the conventional subrogation, Fireman's Fund was legally subrogated to the rights of Pay-Less # 380 upon payment to it of the insurance proceeds by virtue of the provisions of LSA-C.C. Art. 2161.[1] As stated in Hartford Accident and Indemnity Company v. Byles, 280 So.2d 624 (La.App., 3d Cir. 1973):
"We think the insurer who is bound under its contract of insurance for payment of the loss or damages caused by a third party, and who is forced to pay under that contract as the result of the negligence of that party, is legally subrogated under LSA-C.C. Art. 2161 to the rights of its insured against the third party tort-feasor to the extent of the payment which it was required to make." (Citations omitted)
Accord, Reynolds v. Hartford Accident and Indemnity Company, 228 So.2d 76 (La.App., 2d Cir. 1969).
Appellant's second assertion is that the trial court erred in permitting an intervention by Pay-Less # 380 because it comes too late under LSA-C.C.P. Art. 1033[2] as it ". . . retard[s] the progress of the principal action."
The court in General Motors Acceptance Corporation v. Jordan, 65 So.2d 627 (La. App., 1st Cir. 1953), in discussing similar language in Art. 391 of the Code of Practice of 1870, held such language meant an intervention could be filed only while the suit by the original parties is pending, before judgment is rendered in the main demand. The additional language in C.C.P. Art. 1033, requiring leave of court, can only be interpreted to grant the court wide discretion in deciding whether to allow such intervention.[3]
Since the intervention here was filed prior to the summission of the case for judgment, we cannot say under these facts the trial court abused its discretion in allowing the intervention.
Appellant also argues Pay-Less # 380 cannot intervene because it does not have ". . . a right related to or connected with the object of the pending action. . ." as required by LSA-C.C.P. Art. 1091[4]. This argument is without merit.
*614 The right asserted by Pay-Less # 380 is the same as that asserted by Fireman's Fund in fact, the rights of Fireman's Fund are merely those rights of Pay-Less # 380 which have been subrogated to it.
Accordingly, the judgment of the lower court is affirmed, appellant to pay all costs of this appeal.
Affirmed.
NOTES
[1] Art. 2161. Legal subrogation

"Subrogation takes place of right;
* * * * * *
"(3) For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.
* * * * * *
[2] Art. 1033:

"An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
"An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
"An incidental demand that requires leave of court to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted."
[3] The comment under Art. 1033 states: ". . . (the article) . . . permits the filing of the incidental demand thereafter and with leave of court, as long as the court thinks the incidental demand will not retard the progress of the principal action . . ." (Emphasis added)
[4] Art. 1091:

"A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
"(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
"(2) Uniting with defendant in resisting the plaintiff's demand; or
"(3) Opposing both plaintiff and defendant."