CHEHARDY, Chief Judge.
Western-Southern Life Insurance Company appeals a judgment dismissing a petition of intervention in which they sought to intervene into the tort suit of Dale J. Mad-ere.
Dale J. Madere was injured in an automobile accident on November 26, 1985 when his vehicle was struck in the rear by a vehicle owned by River Road Properties, Inc., and being operated by Tyronne J. Lennix. As a result of the accident, plaintiff’s employer, Western-Southern Life Insurance Company, paid to plaintiff disability benefits from December 4,1985 through June 9, 1987 in the amount of $23,935.86 and medical benefits in the amount of $50,-229.92 through December 7,1987. On July 30, 1986, plaintiff sued Tyronne Lennix, River Road Properties, and Aetna Casualty and Surety Co., the insurer of the vehicle driven by Lennix, in tort.
On March 22, 1988, one week before the matter was set for trial, Western-Southern Insurance Company filed a petition of intervention alleging it should be subrogated to the rights of plaintiff if the claim was deemed work related, and, alternatively, claiming it is legally subrogated against Lennix to recover all medical and disability benefits paid, pursuant to Civil Code Article 1829(3) formerly Civil Code Article 2161.
Plaintiff filed an exception to the intervention on March 28, 1988 arguing that such would unduly retard the progress of his demand. That day the court took the intervention under advisement and trial of the main demand began. On March 30, 1988, judgment was rendered finding Len-nix 100% at fault in the accident and awarding him $147,966.76 in damages. Judgment was also rendered maintaining plaintiff’s exception and dismissing the intervention of Western-Southern Life Insurance Company. Western-Southern Life Insurance Company appeals the dismissal of their petition of intervention.
Appellant contends the trial court erred in denying their intervention, since, pursuant to LSA-C.C.P. art. 1033, an incidental demand may be filed with leave of court if it will not retard the progress of the principal action. Allegedly the sole participation envisioned by Western-Southern Life Insurance Company was to obtain a stipulation relative to the submission of documents proving payments to plaintiff of disability and medical benefits.
Both parties agree that appellant learned of the tort suit on or before January 13, 1988. The record reflects that Western- *1292 Southern Life Insurance Company had not been served with notice of the tort suit.
The trial court has great discretion in deciding whether to allow an intervention if such intervention will not retard the progress of the main demand. LSA-C.C.P. art. 1033; Volume Shoe Corp. v. Armato, 341 So.2d 611 (La.App. 2 Cir.1977).
Considering the above facts which indicate that this intervention would not have retarded the progress of the main demand and the ability of the trial court, pursuant to LSA-C.C.P. art. 1038, to order the separate trial of the principal and incidental action, thereby avoiding any delay of the trial on the principal demand, we find the trial court abused its discretion in dismissing the petition of intervention filed by appellant.
For the foregoing reasons, the judgment of the trial court dismissing the petition of intervention is reversed and the case is remanded to the trial court for trial on the incidental demand of Western-Southern Life Insurance Company. The costs of this appeal are assessed against Dale J. Mad-ere.
REVERSED AND REMANDED.