635 So.2d 370 (1994)
Steven J. CHARIA
v.
ALLSTATE INSURANCE COMPANY.
No. 93-CA-1230.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
*371 Bruce M. Danner, Metairie, for plaintiff/appellant.
Peter M. Meisner, Blue, Williams & Buckley, L.L.P., Metairie, for defendant/appellee.
Before CIACCIO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
In this action arising out a dispute over coverage under a homeowner's policy for property damage, appellant Mrs. Nevenka Olga Kalajzic Charia, former wife of original plaintiff Steven Charia, now deceased, appeals from a judgment dismissing her petition for intervention. We now reverse and remand.
The late Steven Charia filed this suit in June 1989 to recover insurance proceeds he claimed were owed him by defendant Allstate Insurance Company ("Allstate") for damage to his Jefferson Avenue residence. Steven Charia died on July 31, 1991. Subsequently, his succession was opened in a separate proceeding in Civil District Court for the Parish of Orleans. Within one month after Steven Charia's death defendant moved to set trial for October 29, 1991. An attempt was made to serve appellant Mrs. Charia with a notice of this trial date, but no service was ever made. On October 29 trial was reset for December 12, 1991. Counsel handling the succession of Steven Charia filed a motion to continue "until such time as a succession representative may be appointed and substituted as plaintiff." On December 3, 1991, the trial court continued the trial without date in response to that request. Counsel for defendant did not object to this continuance. A succession representative was never substituted for the deceased plaintiff.
Approximately one year later, on October 8, 1992, trial was set for February 10, 1993 at the request of counsel for defendant. Six attempts were made to serve appellant, who at this time apparently was living in the Jefferson Avenue residence. Service was never made. Finally, on January 5, 1993, a deposition subpoena was dropped through appellant's mail slot at the Jefferson Avenue residence by a private process server hired by defendant. Thereafter, on February 8, 1993, appellant filed a motion for continuance to allow her to retain counsel. By mutual consent of appellant and defendant the court continued the trial until April 14, 1993. In granting the continuance the court issued an order requiring that appellant retain counsel no later than March 15, 1993 or, barring retention of counsel, represent herself at trial on April 14th. The trial court stated that no further delays or continuances would be granted.
On April 8, 1993, six days before the date set for trial, appellant filed a motion for continuance claiming that she had recently employed counsel to represent her and counsel had another trial scheduled for April 14th. On that same date, April 8th, appellant filed a petition of intervention, alleging that she had an undivided one-half interest in the property allegedly damaged and covered under the homeowner's policy. Both the motion to continue and the petition of intervention were denied by the trial court on April 12th. Notice of the denials was mailed to appellant on April 12, 1993. Appellant appeared by herself in proper person at the April 14th trial. The trial court dismissed the original petition with prejudice. The judgment dismissing the suit was signed on April 26th.
Appellant claims the trial court erred: 1) in denying her petition for intervention; 2) in dismissing her late husband's suit in that no party had been substituted for the deceased plaintiff, thus rendering any judgment an absolute nullity; and 3) in dismissing the suit when appellant was an indispensable party not joined to the suit.

NULLITY OF JUDGMENT
The dispositive issue on appeal is appellant's claim that the judgment dismissing the action was an absolute nullity. In Hughes v. Furlow, 83 So.2d 144 (La.App.Orleans 1955), it was held that a judgment rendered against a defendant who died subsequent *372 to trial but prior to rendition of judgment was an absolute nullity. The deceased defendant was a homeowner who had been sued by a contractor for work allegedly performed on the deceased's home. Similarly, in Smith v. Burden Construction Company, 379 So.2d 1133 (La.App.2d Cir.1979), in a suit for wages, the court held that a judgment rendered partially in favor of and partially against a plaintiff was an absolute nullity when that plaintiff died after rendition of judgment but prior to the signing of that judgment. The case was remanded to the district court for action such as the substitution of the legal successor of the deceased party. The court held that a judgment for or against a deceased person is an absolute nullity. Id. at 1134. See also Williams v. Brown, 142 So.2d 865 (La.App. 3rd Cir.1962); Matlock v. General Motors Corp., 541 So.2d 367 (La.App.2d Cir.1989); Louisiana Health Service & Indemnity Co. v. Cole, 418 So.2d 1357 (La.App.2d Cir.1982).
La.C.C.P. arts. 802 and 803 provide for the issuance and service of a summons ordering a the legal successor of a deceased party to appear and substitute himself for the deceased party. La.C.C.P. art. 804 provides that if a properly summoned legal successor to a deceased plaintiff fails to appear within the delay allowed in the summons, on ex parte motion of any other party the court may dismiss the action. In the instant case no such summons was ever sought, issued or served on the late Steven Charia's legal successor, who was one of his children, not appellant.[1]
The judgment rendered against appellant was the denial of her petition to intervene in the original action. The judgment dismissing the original action filed by the late Steven Charia was a judgment rendered against a deceased person. The case came before the court for trial on the merits, no one had been substituted to represent the succession of the deceased, and a judgment was rendered against a deceased person. The rule of law enunciated above was intended to prevent just such an occurrence. Appellant was not a party to the action when it came up for trial. Even had appellant intervened at an earlier date in her own right, as owner of an interest in the property, a partial judgment on the merits could only have been rendered for or against her, not her deceased former husband. The judgment dismissing the suit filed by the late Steven Charia is an absolute nullity. We will remand this case to allow the substitution of a succession representative for the deceased plaintiff. See Gulfco Finance of Livingston, Inc. v. Lee, 224 So.2d 524 (La.App. 1st Cir.1969).
As for appellant's intervention, La. C.C.P. art. 1033 sets the delay for filing incidental actions, such as interventions, and provides that after the answer to the principal demand has been filed an incidental demand may be filed with leave of court "if it will not retard the progress of the principal action." A court has broad discretion in deciding whether to allow an intervention after the answer to the principal demand has been filed. Volume Shoe Corp. v. Armato, 341 So.2d 611 (La.App.2d Cir.1977). Intervenors are not allowed to retard process of the main action through their interventions. Succession of Delesdernier, 184 So.2d 37 (La. App. 4th Cir.1966).
The trial court understandably wanted to avoid retarding the original action which would have occurred if it had allowed appellant to intervene six days before trial. However, trial should not have gone forward on the merits without a succession representative having been appointed to represent the deceased. Thus, it appears that allowing appellant leave to file her petition of intervention to assert her rights as owner of one-half of the residence would not have retarded the main action nor prejudiced defendant. For these reasons, on remand appellant should be allowed to file her intervention.
Our disposition renders moot consideration of the assignment of error regarding appellant's status as indispensable party and her nonjoinder.
*373 For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Also, an action is considered abandoned when no step to prosecute it is taken for a period of five years. La.C.C.P. art. 561.