| PATRICIA RIVET MURRAY, Judge.
This is an appeal from a judgment denying the Federal Deposit Insurance Corporation (the “FDIC”) leave to intervene in a class action lawsuit instituted by Patricia Heaton against Monogram Credit Card Bank of Georgia (“Monogram”). The trial court denied the intervention on the grounds that the intervention would delay the progress of the case and that the FDIC does not have a “justiciable right” in the case. For the reasons that follow, we affirm the judgment.

FACTS AND BACKGROUND

The facts of this case are summarized as follows in Heaton v. Monogram Credit Card Bank of Georgia, 231 F.3d 994 (5th Cir.2000), cert. denied, 533 U.S.915, 121 S.Ct. 2520, 150 L.Ed.2d 693 (2001):
Monogram, a Georgia credit card bank, issued a credit card to Patricia Heaton (“Heaton”) to finance purchases from a retail store called Campo Appliances. Heaton brought a class action lawsuit in state court, alleging that Monogram charged late fees on the card in excess of the limit provided under the Louisiana Consumer Credit Law (“LCCL”), La. R.S. 9:3527. Heaton also alleged breach of contract.
Monogram removed the suit. It argued that there was a basis for federal subject matter jurisdiction because Hea-ton’s claims were completely preempted by Section 27 of the Federal Deposit Insurance Act (“FDIA”), 12 U.S.C. § 1831d. Section 27 of the FDIA authorizes federally-insured “state banks” (as defined under Section 3(a)(2) of the FDIA, 12 U.S.C. § 1813(a)(2)) to charge late fees permitted by [ j>the laws of their home states. Georgia law provides for a higher late fee limit than the LCCL. Monogram also argued that the parties were diverse and; pursuant to In re Abbott Laboratories, 51 F.3d 524 (5th Cir.1995), Heaton’s demand for attorney’s fees under the LCCL caused the amount in controversy to exceed $75,000.
Heaton sought remand, arguing that Monogram could not invoke complete preemption because it was not a “state bank” under the definition contained in Section 3(a)(2) of the FDIA. Section 3(a)(2) defines state banks as those which are “engaged in the business of receiving deposits” and which are incorporated under state law. Part of Hea-ton’s argument was that because Monogram accepts deposits only from its parent company and not from its customers, it could not be engaged in the business of receiving deposits. She also contended that In re Abbott Laboratories was inapplicable, and therefore the court lacked diversity jurisdiction.
Judge Porteous denied Heaton’s motion, concluding that under the plain language of the FDIA, Monogram was a “state bank.” He also cited a letter from the Federal Deposit Insurance Corporation (“FDIC”) in which the FDIC stated that it considered Monogram to be a state bank. Therefore, Heaton’s claims were completely preempted. Less than a week after the denial of remand, the case was re-assigned to Judge Barbier. Judge Barbier denied Heaton’s petition for an interlocutory appeal of the denial of remand, finding that there was no “substantial ground for difference of opinion as to whether the defendant is a state bank.” Heaton v. Monogram Credit Card Bank of Georgia, No. 98-1823, 1998 WL *242 832582 (E.D.La. Nov. 25, 1998) (minute entry denying permission to appeal).
Thereafter, Heaton moved to amend her petition to assert a federal claim under the Truth in Lending Act (“TILA”), specifically 15 U.S.C. § 1637(c)(3)(B). This claim was not related to the credit card late fees. A magistrate judge denied this motion, but Judge Barbier vacated the magistrate judge’s order and allowed Heaton to assert the TILA claim.
Later, Heaton discovered that Monogram had participated in the preparation of the FDIC letter that Judge Porteous had cited in his order denying the motion to remand. Heaton then moved for a reconsideration of her motion. Judge Barbier granted the motion and remanded the case to state court, citing 28 U.S.C. § 1447(c). The judge rejected Monogram’s argument that Heaton had waived her objection to the earlier denial of remand by amending her petition to add the TILA claim. On the same day that he signed the remand order, Judge Barbier granted Heaton’s voluntary motion to dismiss that claim with prejudice, and noted the dismissal in a footnote in the remand order.
lain granting the motion to remand, Judge Barbier concluded that Monogram was not a “state bank” because it was not “engaged in the business of receiving deposits” under Section 3(a)(2). He reasoned that because Monogram only receives deposits from its parent company, under a plain reading of the FDIA, it could not be engaged in the business of receiving deposits from its customers. As a result, the judge concluded that “this Court does not have federal question jurisdiction, and there is no federal preemption.” Heaton v. Monogram Credit Card Bank of Georgia, No. 98-1823, 1998 WL 832582 (E.D.La. Nov. 25, 1998) (minute entry ordering remand). The judge also found diversity lacking, and noted that “if there is any doubt as to federal subject matter jurisdiction, the court should resolve the doubt in favor of remand.” Id.
Monogram appealed. Heaton moved to dismiss the appeal for lack of appellate jurisdiction.
Id. at 995-96 (footnote omitted).
After reciting the facts set forth above and reviewing the applicable law, the Court of Appeals for the Fifth Circuit concluded that it lacked jurisdiction in the case. Mongram’s appeal was dismissed. The FDIC had filed an amicus curiae brief with the Fifth Circuit arguing for Monogram’s position. (On November 22, 1999, prior to the issuance of the minute entry ordering remand of the case to the state court, the FDIC moved to intervene in the federal court case, but the motion was dismissed two days later as moot because of the remand order.)
After the Fifth Circuit dismissed Monogram’s appeal and the case was back in state court, Monogram again removed the case to federal court based on a Truth in Lending Act claim that Monogram thought was still pending. The case was again assigned to Judge Barbier. The FDIC again moved to intervene in the federal court case. Ms. Heaton sought to remand the case back to state court for the second time, and the remand was granted, because Ms. Heaton had already requested and been granted a dismissal of her Truth in Lending claim by the state court. The LFDIC’s motion to intervene was denied as moot. The FDIC appealed the federal district court’s order, and the appeal is pending before the Fifth Circuit. When the appeal was taken, the FDIC sought from the federal district court and the *243 Fifth Circuit a stay of the remand order, which was denied.
On April 3, 2001, shortly after the stay was denied, the FDIC filed a motion for intervention with the state trial court. The trial court denied the FDIC’s motion in a judgment rendered on May 18, 2001. On June 1, 2001, at the FDIC’s request, the trial court entered an order designating that the May 18 judgment as a final judgment. On June 4, 2001, the trial court signed an order granting the FDIC leave to apply to this court for supervisory writs, and the FDIC so applied on June 25, 2001. On that same date, the FDIC also filed a motion to consolidate its writ application with its appeal of the May 18 judgment. Ms. Heaton opposed both the writ application and the motion to consolidate, and on July 26, 2001, a writ panel of this court held that the trial court did not abuse its discretion and denied the application for supervisory writs and the motion to consolidate. Heaton v. Monogram Credit Card Bank of Georgia, 2001-2208 (La.7/27/01), 794 So.2d 835. On August 6, 2001, the FDIC filed an application for supervisory writs with the Louisiana Supreme Court requesting review of the denial by a writ panel of this court of the motion to intervene, and that application was denied. Heaton v. Monogram Bank of Georgia, 2001-2296 (La.11/16/01), 802 So.2d 613.
At issue in the case now before this court is the denial of the FDIC’s motion to intervene by the state trial court in its judgment rendered on May 18, 2001. The FDIC contends that the trial court abused its discretion in denying the FDIC the right to intervene in the case.
| ^DISCUSSION
The trial court issued written reasons for its denial of the FDIC’s motion to intervene in the state court case. The reasons for judgment addressed two issues: whether the intervention, if granted, would retard the progress of the action under La. Code Civ. Pro. art. 1033 and whether the FDIC had the right to intervene under La.Code Civ. Pro. art. 1091.
Article 1033 provides as follows:
An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
An incidental demand that requires leave of court to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted.
Articles 1066 and 1092 are inapplicable to this case.
In its reasons for judgment, the trial court considered whether the FDIC’s intervention would retard the progress of the principal action, as follows:
The Court finds that the FDIC’s intervention will substantially retard the progress of the action and, as a result, denies the motion. The case is already three years old, having been filed in May 1998. The case has been removed on two separate occasions to federal court, once in 1998 and again in 2000. Each time the federal court has remanded the case to this Court. Counsel for Monogram admitted at oral argument that a third removal will result if the intervention is granted. A third removal may lead to further jurisdictional litigation and additional delay.
Permitting the FDIC to intervene at this point and remove the case would severely disrupt the proceedings. The Court has entered a Scheduling Order. .... The Court believes this expedited *244 schedule is appropriate because the case has bounced back and forth between state and federal court for the past three years.
|Jn denying the FDIC’s motion under Louisiana Civil Code article 1033, the Court has also considered the possible prejudice to the parties. On the one hand, the Court finds plaintiff would be greatly prejudiced by a third removal of the case.
On the other hand, the FDIC is not prejudiced by the denial of the motion. The FDIC had ample opportunity to intervene earlier in the case, but failed to do so. The FDIC could have intervened in September 1998 when it learned of the case. Yet the agency did not. Instead, it relied on Monogram to represent its interests. Similarly, the FDIC could have sought to intervene between November 1999 and November 2000 when the case was pending in this Court after the first removal. Yet the agency did not do so.
Denying the intervention will not prohibit the FDIC from participating in the case. Ms. Heaton has agreed the FDIC may participate as amicus curiae in these proceedings. Because the FDIC has an interest in advising the Court on how the federal preemption issue should be handled, the Court invites the agency to participate in this fashion.
*1» *i* ¥ ‡
In addition, the FDIC is not prejudiced by the denial of its motion because its interests are being adequately represented by Monogram. Both the FDIC and Monogram are advancing the same interpretation of federal law, namely that Ms. Heaton’s claims are preempted.
La.Code Civ. Pro. art. 1091, also considered by the trial court in its reasons for judgment, provides as follows:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
|7The trial court, citing Amoco Production Co. v. Columbia Gas Transmission Corp., 455 So.2d 1260 (La.App. 4th Cir.1984), concluded that the FDIC did not have the right to intervene under article 1091.
In its reasons for judgment, the trial court stated:
The Court finds the FDIC does not have the right to intervene as a party under the unique circumstances presented here. The FDIC is not seeking redress or relief against either party and consequently does not have a justiciable right that will be directly impacted by the case. The FDIC essentially wants to advise the Court on how the federal statutes at issue should be interpreted. The interest does not warrant the FDIC becoming a party in the case. The FDIC has already set forth its legal’ arguments as amicus curiae and the FDIC may continue to do so. The FDIC will add nothing of substance as a party, except to give the defendant the opportunity to remove the case for a third time.

APPELLATE REVIEW

The standard of our review applicable to this case is stated by the Louisiana Supreme Court as follows:
*245 This state’s appellate review standard, which is constitutionally based and juris-prudentially driven, is that a court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong.
Stobart v. Dep’t. of Transp. & Dev., 617 So.2d 880, 882 n. 2 (La.1993).
In Stobart, the court further states:
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.
\PId. at 882 (citations omitted).
We have reviewed the law applied to this case by the trial court, and we find that there was no error of law by that court. La.Code Civ. Pro. art. 1033 permits intervention in a lawsuit if it “will not retard the progress of the principal action”. La.Code Civ. Pro. art. 1091 permits intervention by a third person to “enforce a right related to or connected with the object of the pending action.” Thus, in this case a two-pronged legal test must be met before the intervention is allowed. First, the intervention must not delay the case. Second, the FDIC must have a right related or connected to the case that it seeks to enforce. Both parts of the test must be met for an intervention to be permitted.
In Charia v. Allstate Insurance Co., 93-1230 (La.App. 4 Cir. 3/29/94), 635 So.2d 370, this court discussed the legal standard that must be met to satisfy the first prong of the two-pronged test. This court stated:
As for appellant’s intervention, La. C.C.P. art. 1033 sets the delay for filing incidental actions, such as interventions, and provides that after the answer to the principal demand has been filed an incidental demand may be filed with leave of court “if it will not ietard the progress of the principal action.” A court has broad discretion in deciding whether to allow an intervention after the answer to the principal demand has been filed. Volume Shoe Corp. v. Armato, 341 So.2d 611 (La.App. 2d Cir. 1977). Intervenors are not allowed to retard process of the main action through their interventions. Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir.1966).
Id. at p. 4, 635 So.2d at 372.
We find that the first prong of the test has not been met in this case. Based on our review of the entire record, we conclude that the facts found by the trial court and set forth in its reasons for judgment were reasonable and are neither manifestly erroneous nor clearly wrong. The trial court determined that based on those facts, the intervention of the FDIC would retard the progress of the principal 19action. Therefore, under the rule of law set forth in the Chaña case and in accordance with the plain language of La.Code Civ. Pro. art. 1033, the trial court’s decision that the FDIC should not be allowed to intervene in this case was reasonable.
*246 The trial court also held that the second prong of the two-prong test, which is the intervenor’s possession of a “justiciable right” as defined by Amoco Production Co. v. Columbia Gas Transmission Corp., 455 So.2d 1260 (La. 4th Cir.1984), has not been met in this case. We do not, however, need to decide whether the trial court’s conclusion that the FDIC does not have a such a “justiciable right” was reasonable under the standards established in the Amoco case. For an intervention to be permitted, both prongs of the two-prong test must be met, and we have already concluded that the trial court’s determination that the first prong of the test has not been met was reasonable. Because the FDIC’s intervention in this case would retard its progress, it should not be allowed to intervene even if it does have a “justiciable right”.

CONCLUSION

We hold that the trial court’s determination that the FDIC should not be permitted to intervene in this case is reasonable. Therefore, we affirm the judgment of the trial court denying the FDIC the right to intervene.
AFFIRMED.