# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-265 CW 19-179

**OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, D/B/A OPELOUSAS GENERAL HEALTH SYSTEM**

**VERSUS**

**LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA**

\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, DOCKET NO. 16-C-3647-C
HONORABLE ALONZO HARRIS, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*
## SYLVIA R. COOKS
### JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**AFFIRMED; WRIT DENIED.**

**Gremillion, J., concurs and assigns reasons.**

Thomas A. Filo
Cox, Cox, Filo, Camel & Wilson, L.L.C.
723 Broad Street
Lake Charles, LA  70601
(337) 582-8364
COUNSEL FOR PLAINTIFF/APPELLEE:
 Opelousas General Hospital Authority, et al.

Patrick C. Morrow
James P. Ryan
Morrow, Morrow, Ryan, Bassett & Haik
324 West Landry Street
Opelousas, LA  70570
(337) 948-4483
COUNSEL FOR PLAINTIFF/APPELLEE:
 Opelousas General Hospital Authority, et al.

**Stephen B. Murray**
**Stephen B. Murray, Jr.**
**Arthur M. Murray**
**Murray Law Firm**
**Poydras Center, Suite 2150**
**650 Poydras Street**
**New Orleans, LA  70130**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
          **Opelousas General Hospital Authority, et al.**

**James A. Brown**
**Liskow & Lewis**
**701 Poydras St., Suite 5000**
**New Orleans, LA 70139**
**(504) 581-7979**
**COUNSEL FOR DEFENDANT/APPELLANT:**
          **Blue Cross Blue Shield Association**

**Joseph C. Giglio, Jr.**
**Michael Ishee**
**Liskow & Lewis**
**822 Harding Street**
**P.O. Box 52008**
**Lafayette, LA 70503**
**(337) 232-7424**
**COUNSEL FOR DEFENDANT/APPELLANT:**
          **Blue Cross Blue Shield Association**

**Daniel E. Laytin**
**Zachary Holmstead**
**Kirkland & Ellis LLP**
**300 North LaSalle**
**Chicago, IL  60654**
**(312) 862-2000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
          **Blue Cross Blue Shield Association**

**COOKS, Judge.**

This consolidated appeal and writ application arise from a class action filed on August 24, 2016 by the Plaintiff, Opelousas General Hospital Authority, a Public Trust d/b/a Opelousas General Health System (hereafter OGHA), against the Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana (hereafter BCBS-LA). OGHA alleged that BCBS-LA conspired with Blue Cross Blue Shield Association (hereafter the Association) and thirty-five other Blue Cross plans across the United States to allocate markets, monopolize, and engage in other anticompetitive conduct. OGHA alleged this conduct was in violation of the Louisiana Anti-Trust Statute. La.R.S. 51:122 *et seq*.

In the relevant period surrounding the suit filed by OGHA, several anti-trust class actions were brought against various Blue Cross Blue Shield entities under both federal and state law. Many of the actions were consolidated in a federal Multi-District Litigation (hereafter MDL) in the United States District Court for the Northern District of Alabama. OGHA maintains its lawsuit is different from the ones in the MDL, in that the suit is tailored only against BCBS-LA and asserts only monetary claims under Louisiana law.

In accordance with La.Code Civ.P. art. 593, OGHA moved for class certification on November 3, 2016. On December 22, 2016, BCBS-LA filed an Exception of Prematurity and Alternative Motion to Compel Arbitration, contending the claims asserted in the OGHA class action were subject to an arbitration agreement. The trial court denied the exception and alternative motion on March 8, 2017.

On March 16, 2017, BCBS-LA filed a Notice of Intention to Apply for Supervisory Writs from the denial of the exception and alternative motion. On April 8, 2017, BCBS-LA filed a Motion for Stay with the district court pending its writ application on the denial of its exception. On April 24, 2017, the district court

entered a Per Curiam, setting BCBS-LA's Motion to Stay Proceedings Pending Writ Application for a hearing on May 12, 2017 and OGHA's Motion of Class Certification for hearing on June 29, 2017. On May 15, 2017, the district court denied the Motion to Stay Proceedings.

On June 14, 2017, BCBS-LA filed a renewed Motion to Stay with the district court. On June 19, 2017, during a telephone conference, the district court denied the renewed Motion to Stay and advised the parties the class certification hearing set for hearing on June 29, 2017, would proceed as scheduled. On that same day, BCBS-LA filed an Expedited Motion for Stay Pending Writ Application or Alternative Motion to Continue Class Certification hearing. OGHA opposed the filing.

On June 21, 2017, BCBS-LA filed an opposition to OGHA's motion for class certification. On June 27, 2017, two days prior to the class certification hearing, the Association filed a Motion for Leave to File a Petition for Intervention. That same day, the Association and BCBS-LA jointly filed a Notice of Removal, asserting the intervention (which had not yet been granted or denied) created minimal diversity for purposes of jurisdiction under the Class Action Fairness Act, 28 U.S.C., § 1493 [CAFA]. Also, on June 27, 2017, OGHA filed an Emergency Motion to Remand, contending until the district court ruled on the Petition for Intervention, there was no federal jurisdiction. Emergency remand was requested to allow the district court to rule on the Petition for Intervention. Further, on the same day, the Association and BCBS-LA sought a transfer of the case to the MDL pending in the Northern District of Alabama. The Judicial Panel Multi-district Litigation automatically issued a Conditional Transfer Order.

Counsel for OGHA advised the district court they were seeking an emergency remand to allow the district court to consider the Petition for Intervention. The district court then informed the parties that if the emergency remand were granted,

it would set the hearing on the Petition for Intervention prior to the class certification hearing scheduled for June 29, 2017.

On June 28, 2017, a phone conference on OGHA's emergency remand motion was held with Judge Rebecca Doherty of the Western District of Louisiana. Judge Doherty stated she would not remand on an emergency basis and advised the parties to fully brief the remand issue. The Association and BCBS-LA filed a Motion to Stay pending transfer to the MDL. OGHA opposed the stay and provided additional briefing, asserting even if leave to intervene was granted, removal was still barred by the voluntary-involuntary rule.

On July 5, 2017, OGHA filed an Opposition to the Conditional Transfer Order issued by the MDL Panel on the basis that transfer would do nothing but delay remand. Over OGHA's objection, the MDL Panel transferred this matter to the MDL. Judge R. David Proctor, who presided over the MDL, requested further briefing on the issue of remand.

Eventually, on April 9, 2018, Judge Proctor rendered judgment remanding the case back to Louisiana district court under the voluntary-involuntary rule. Immediately upon receiving the ruling, OGHA moved to reset the class certification hearing. A status conference was set for July 25, 2018. BCBS-LA filed a motion to vacate the status conference on the grounds Judge Proctor had only issued Reasons for Judgment, but not a remand order. On April 25, 2018, the district court granted the motion to vacate the status conference.

On May 14, 2018, Judge Proctor denied a Motion for Rehearing on Remand filed by BCBS-LA. On July 22, 2018, the Association and BCBS-LA filed a Petition for Permission to Appeal the Remand Order with the Eleventh Circuit Court of Appeal, under CAFA's discretionary review provision. On January 10, 2019, the Eleventh Circuit denied permission to appeal, finding that minimal diversity under CAFA was not present. Judge Proctor's remand order was rendered final.

OGHA again attempted to reset its long-sought class certification hearing. The Association again opposed this, contending the district court must first rule on its Motion for Leave to File a Petition for Intervention. A hearing on that motion occurred on February 7, 2019, after which the district court denied the intervention on the basis it would result in further needless delay. The district court certified the order as final and appealable.

The Association and BCBS-LA filed yet another motion to stay on February 13, 2019. At the hearing on the stay motion, the Association acknowledged it would leverage any intervention as a means to seek removal to federal court. The district court denied the stay and reset the class certification hearing for May 30, 2019.

The Association sought supervisory writs from the judgment of the district court denying the Petition for Intervention. The Association also filed an appeal from the district court's judgment. The Association acknowledged it filed the application for writs as a "precautionary measure in the event the direct appealability of the district court's Reasons for Judgment and Final Judgment [was] challenged or denied on any grounds." On March 8, 2019, the Association filed a Motion to Temporarily Stay Application for Supervisory Writs and Consolidate Application with Direct Appeal. On March 14, 2019, this court granted the writ application "for the limited purpose of ordering the consolidation of the writ application with the appeal to be lodged in this court." *Opelousas General Hospital Authority, a Public trust, D/B/A Opelousas General Health System v. Louisiana Heath Services & Indemnity Company D/B/A Blue Cross/Blue Shield of Louisiana*, 19-179 (La.App. 3 Cir. 3/14/19), ___ So.3d ___. On appeal, the Association asserts the following assignments of error:

1. The district court erred in concluding that, if permitted to intervene, the Association would not "be able to show the Federal Courts that it has the minimal diversity to trigger [CAFA] jurisdiction" and thus any removal would result in remand and retard the progress of the action. The district court misread the Eleventh Circuit's decision in this case,

which clearly stated than an order granting the Association's motion to intervene will trigger CAFA's minimal diversity jurisdiction, making the case properly removable.

2.  The district court erred in denying intervention based upon a belief that the case would not be removable, in contravention of controlling Louisiana Supreme Court and United States Supreme Court precedent holding that such a determination is the purview of the federal courts alone, and that a court may not thwart removal because the court anticipated removal will cause delay.

3.  The district court erred in finding that intervention by the Association would retard the progress of the action when the case remains in a preliminary, pretrial phase and the clear weight of authority holds that intervention before judgment does not retard the case.

4.  The district court erred in denying the Association's petition to intervene on the basis that "[e]ven if [the Association] is not allowed to intervene in this action, it still has a right to appeal" because a third-party appeal is not a substitute for intervention.

## ANALYSIS

The question before this court is whether the district court's denial of the Associations' Petition for Intervention under the circumstances of this case is an abuse of discretion. This court in *Phillips v. G & H Seed Co., Inc.*, 09-1102 (La.App. 3 Cir. 3/10/10), 32 So.3d 1137, 1137, *writ denied*, 10-822 (La. 6/18/10), 38 So.3d 325, stated, "the trial court has broad discretion in determining whether to allow an intervention to be filed after the answer and in determining if the intervention will retard the progress of the suit." As OGHA notes, this is well settled in Louisiana. In *Charia v. Allstate Ins. Co.*, 93-1230 (La.App. 4 Cir. 3/29/94), 635 So.2d 370, 372 the fourth circuit set forth that "[a] court has broad discretion in deciding whether to allow an intervention after the answer to the principal demand has been filed." In *Volume Shoe Corp. v. Armato*, 341 So.2d 611 (La.App. 2 Cir.1977), the second circuit stated a trial court has broad discretion in deciding whether to allow an intervention after the answer to the principal demand has been filed. Similarly in *Madere v. Lennix*, 535 So.2d 1290, 1292 (La.App. 5 Cir. 1988), the fifth circuit

stated "[t]he trial court has great discretion in deciding whether to allow an intervention if such intervention will not retard the progress of the main demand."

Louisiana Code of Civil Procedure Article 1033 permits intervention in a lawsuit after the answer to the principal demand, with leave of court, if it "will not retard the progress of the principal action." Therefore, if the court determines an intervention will retard the progress of the action, it is mandated to deny the intervention.

The Association spends a great majority of its brief arguing it has a right to intervene in this action. Albeit, the Association still must demonstrate that the district court abused its vast discretion in refusing to grant the intervention based on its finding that such intervention will cause needless delay. The district court, after noting in its reasons for judgment that the Association "made it clear . . . it will file a Motion to Remove this case back to Federal Court if the intervention is granted, specifically found "the intervention would retard the progress of the main demand."

We find the situation in the present case is strikingly similar to the factual scenario presented to the court in *Heaton v. Monogram Credit Card Bank of Georgia*, 01-1415 (La.App. 4 Cir. 04/10/02), 818 So.2d 240. In that case, a class action lawsuit was filed in state court, alleging the defendant charged late fees on credit cards in excess of the limit provided under the Louisiana Consumer Credit Law. The FDIC sought to intervene and remove the action to federal court, after two prior attempted removals resulted in remand to the state court. The district court then denied the FDIC's motion to intervene and the FDIC appealed, contending the district trial court abused its discretion in denying the FDIC the right to intervene. The district court, in its reasons for judgment, noted that counsel for defendant admitted that it would seek a third removal to federal court if the intervention was granted. The district court concluded "[p]ermitting the FDIC to intervene at this

point and remove the case would severely disrupt the proceedings." *Id.* at 243. The appellate court affirmed the district court's judgment, holding as follows:

> Based on our review of the entire record, we conclude that the facts found by the trial court and set forth in its reasons for judgment were reasonable and are neither manifestly erroneous nor clearly wrong. The trial court determined that based on those facts, the intervention of the FDIC would retard the progress of the principal action. Therefore, under the rule of law set forth in the *Charia* case and in accordance with the plain language of [La.Code Civ.P. art.] 1033, the trial court's decision that the FDIC should not be allowed to intervene in this case was reasonable. . . . Because the FDIC's intervention in this case would retard its progress, it should not be allowed to intervene even if it does have a "justiciable right".

*Id.* at 245-46.

The Association contends this case is distinguishable from *Heaton*, because there the prospective intervenor knew about the suit long before intervening. The Association asserts it only learned about the class action suit filed against BCBS-LA a few days before it filed the Petition to Intervene, which was approximately ten months after the class action was filed and five days before the class certification hearing was to be held. Regardless of the veracity of this contention, we agree with OGHA that when the Association learned of the case is immaterial. As stated, La.Code Civ.P. Art. 1033 mandates a denial of an intervention after an answer has been filed if it will "retard the progress of the principal action." As set forth in *Heaton*, the pertinent issue is whether the proposed intervention would delay the action. We agree with OGHA that under article 1033, the district court is mandated to deny the intervention "even if it accepted the dubious assertion that neither the Association, nor any of the army of lawyers it has representing it in the national antitrust actions were aware of this case until the eve of the class certification hearing."

We note in its reply brief, the Association points out the US Fifth Circuit Court of Appeals, in *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5TH Cir. 2002), nullified all state proceedings and allowed the FDIC to intervene.

However, the federal appellate court at no point in its opinion addressed La.Code Civ.P. art. 1033 and the below finding that the FDIC's intervention would unnecessarily delay the action. Instead, the federal appellate court reversed the denial of intervention "[b]ecause of the important role that the FDIC plays in enforcing federal banking laws, as evidenced by its broad jurisdictional statute[.]" *Id.* at 419.

The Association also contends the US Eleventh Circuit Court of Appeals, although denying permission to appeal, implied that removal would have been proper under the voluntary-involuntary rule if the motion to intervene had been granted. It contends this effectively reversed Judge Proctor's remand order. We note the Eleventh Circuit observed in its opinion that "removal would have been appropriate if the motion to intervene had been granted." However, we agree with OGHA that the Eleventh Circuit, in making that observation, was noting that had the Association and BCBS-LA not prematurely removed the action before the petition to intervention could be ruled on by the district court, removal may have been appropriate if the district court had granted the motion to intervene. The Eleventh Circuit was never able to reach that question and declined discretionary review without discussing the merits presented in the petition. The referenced comment was an explanation of why the Eleventh Circuit was declining to exercise discretionary jurisdiction, which rendered Judge Proctor's remand order final and non-appealable.[1]

---

[1] OGHA also maintains, even if the Eleventh Circuit would or could revisit its decision on remand, the case would still require remand under the home state exception. OGHA noted the Eleventh Circuit expressly noted it had not considered remand under the home state exception, stating:

> We have not considered whether the local-controversy or home-state exceptions or both, might apply, as that is a question for the district court to consider in the first instance.

The Association also asserts the district court's denial of the Petition for Intervention should be reversed because it improperly determined questions of federal jurisdiction. OGHA counters that the district court did not address jurisdiction at all, but only the Association's continuing pattern of dilatory tactics. We agree with OGHA that the district court did not abuse its broad discretion in making a factual determination that a removal (which the Association acknowledged it would seek if allowed to intervene) would cause further, needless delay. Moreover, we note Judge Proctor decided jurisdiction in his April 9, 2018 decision, which the Eleventh Circuit declined to review, rendering it final. Thus, the district court simply followed Judge Proctor's final order on jurisdiction.

The Association also contends the "district court committed independent legal error in denying intervention on the basis that '[e]ven if [the Association] is not allowed to intervene in the action, it still has a right to appeal.'" Clearly, the basis for the denial of the Association's Petition for Intervention was not the fact that the Association would still maintain a right to appeal, but that the proposed intervention, and professed intention of the Association to try and remove the case again if it were allowed to intervene, would result in needless delay in contravention of La.Code Civ.P. art.1033. Therefore, we find no merit in this argument.

It is imperative to note the undisputed facts that this case has already undergone a two-year delay because the Association and BCBS-LA improperly removed the case to federal court *two days* before the district court was scheduled to hear the class certification hearing and before it could rule on the motion to intervene. After two years of delay, the Association again asked the district court to consider its Petition for Intervention and admitted it would immediately seek to remove the case to federal court if it were allowed to intervene. We find no abuse of the trial court's broad discretion in finding that a grant of intervention would result

in further, needless delay in violation of La.Code Civ.P. art. 1033. Thus, the trial court did not err in denying the Association's Petition for Intervention.

## DECREE

For the foregoing reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed to appellant, Blue Cross Blue Shield Association.

**AFFIRMED; WRIT DENIED.**

COURT OF APPEAL, 3RD CIRCUIT

STATE OF LOUISIANA

19-265 CW 19-179

OPELOUSAS GENERAL HOSPITAL AUTHORITY, A
PUBLIC TRUST, D/B/A OPELOUSAS GENERAL
HEALTH SYSTEM

VERSUS

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY
D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA

GREMILLION, Judge, concurs and assigns reasons.

I concur in the result. While I agree with the majority that the trial court did not abuse its great discretion in deciding whether the intervention should be allowed, it and the majority erred in failing to address the merits of the application of La.Code Civ.P. art. 1091.