| | | |
|---|---|---|
| **HERMES HEALTH ALLIANCE, LLC (PLAINTIFF-RESPONDENT)** | * | **NO. 2025-C-0291** |
| | * | |
| **HENRY L. KLEIN (INTERVENOR-RESPONDENT)** | * | **COURT OF APPEAL** |
| | * | **FOURTH CIRCUIT** |
| | * | |
| **VERSUS** | * * * * * * * | **STATE OF LOUISIANA** |
| **GIROD LOANCO, GIROD TITLING TRUST, GIROD REO, LLC, OAT TRUSTEE, LLC, AND STIRLING PROPERTIES, LLC** | | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-01981, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

James Eric Lockridge
Karli Glascock Johnson
Katilyn M. Hollowell
Kean Miller LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802

David Halpern
Georgia N. Ainsworth
Kean Miller LLP
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112

COUNSEL FOR RELATORS

Michael Bagneris
Bagneris, Pieksen & Associates, LLC
935 Gravier Street, Suite 2110
New Orleans, LA  70112

 COUNSEL FOR RESPONDENT

Henry L. Klein, *Pro Se*
6244 Marshal Foch Street
New Orleans, LA 70124

 *PRO SE* COUNSEL FOR RESPONDENT


           **WRIT GRANTED;**
           **JUDGMENT REVERSED**
            **JUNE 9, 2025**

Relators, Girod Loan Co, LLC, ("LoanCo"), Girod Titling Trust ("Trust"), Girod REO, LLC, ("REO"), Oat Trustee, LLC ("OAT Trustee"), and Stirling Properties, LLC ("Stirling"), seek supervisory review of the trial court's April 7, 2025 judgment which granted the motion to intervene of Respondent, Henry L. Klein ("Klein"). For the reasons that follow, we grant Relators' writ application and reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The principal complaint in this matter involves an action filed by Plaintiff, Hermes Health Alliance, LLC ("Hermes"), in February 2025. The Hermes Petition seeks to annul a September 7, 2023 Sheriff's Sale Deed issued by the Orleans Parish Sheriff to REO for immovable property in which Hermes had acquired an ownership interest. The Hermes Petition also requests declaratory and injunctive relief against Relators to have all civil actions they filed against Hermes and other persons after November 17, 2017, be found absolutely null.

1

Klein subsequently filed his Petition to Intervene in the Hermes Petition to align with Hermes against Relators, pursuant to La. C.C.P. art. 1091. Klein's Petition of Intervention represented, in part, the following:

3. On his part, Intervenor-Klein took LOANCO to the United States Supreme Court on March 26, 2021 in <u>Regina Heisler v. Girod LoanCo, LLC.</u> (Certiorari to the Full Court), <u>Exhibit A</u>, and on September 21, 2021 in <u>Regina Heisler v. Girod LoanCo, LLC</u>, (Stay Application to Justice ALITO, referred to Justice SOTOMAYOR, referred to the Full Court), <u>Exhibit B</u>.

4. In Heisler, LOANCO took the same RUTHLESS actions TITLING is taking against the Pittmans—only the size of the vulturing being different: . . .

5. Intervenor-Klein not only has multi-year experience with the Girod Vultures as litigation adversaries, he has personal experience in Girod LoanCo, LLC v. Henry Klein, CDC Docket 2021-5090, based on a commercial guaranty of a 2008 Levy Gardens Loan LOANCO brought on November 13, 2017.

` A hearing was fixed for April 4, 2025 on Hermes' request for a preliminary injunction. At the hearing, the trial court granted Klein's motion to intervene. Thereafter, Relators timely sought supervisory review. Hermes joined in Klein's opposition to Relators' writ application.[1]

**STANDARD OF REVIEW**

---

[1] Numerous writ applications have been filed in connection with this instant litigation. In *Girod Titling Trust v. Hermes Health Alliance, L.L.C.*, 2024-0201 (La. App. 4 Cir. 7/1/24), 401 So.3d 716, Hermes sought review of the trial court's denial to allow a declaratory judgment to proceed on a summary basis; this Court granted the writ application, however, denied relief. In *Girod Titling Trust v. Hermes Health Alliance, L.L.C.*, 2024-0221 (La. App. 4 Cir. 7/1/24), 401 So.3d 721, Trust sought supervisory review of the trial court's denial of its dilatory exceptions of unauthorized use of executory/summary process, improper cumulation of actions, peremptory exception of no cause of action, and the trial court's *sua sponte* conversion of the case from an executory proceeding to an ordinary proceeding; this Court granted Trust's writ application, sustained Trust's exceptions, and dismissed Hermes' reconventional and third party demands.

In *Girod Titling Trust v. Hermes Health Alliance. L.L.C.*, 2024-C-0262 La. App. 4 Cir. 5/23/24), Klein sought supervisory review of the exact issue articulated in 2024-C- 0201, although the record shows Klein was not the guarantor in writ applications 2024-C-0201 and 2024-C-0221, nor was Klein a party to that litigation. This Court denied Klein's writ application for failure to comply with Rules 4-3 and 4-5, Uniform Rules, Courts of Appeal.

"A [trial] court has broad discretion in deciding whether to allow an intervention after the answer to the principal demand has been filed." *Sunset Harbour, L.L.C. v. Bush*, 2023-0156, p. 6 (La. App. 4 Cir. 9/26/23), 372 So.3d 855, 859 (citing *Roy Anderson Corp. v. 225 Baronne Complex*, 2022-0784, p. 3 (La. App. 4 Cir. 4/11/23), 360 So.3d 144, 147) (quoting *Charia v. Allstate Ins. Co.*, 1993-1230 (La. App. 4 Cir. 3/29/94), 635 So.2d 370, 372). "An appellate court reviews a trial court's ruling on an intervention for abuse of discretion." *Id.* (citing *St. Bernard I, LLC v. Williams*, 2012-0372, p. 10 (La. App. 4 Cir. 3/13/13), 112 So.3d 922, 929); *see also Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, 2019-265, p. 5 (La. App. 3 Cir. 11/12/19), 284 So.3d 643, 647.

## DISCUSSION

Louisiana Code of Civil Procedure art. 1091 provides that a third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by: (1) joining with plaintiff in demanding the same or similar relief against the defendant; (2) uniting with defendant in resisting the plaintiff's demand; or (3) opposing both plaintiff and defendant. "A two-pronged legal test must be met before the intervention is allowed." *Sunset Harbour*, 2023-0156, p. 6, 372 So.3d at 859 (quoting *Heaton v. Monogram Credit Card Bank of Georgia*, 2001-1415, p. 8 (La. App. 4 Cir. 4/10/02), 818 So.2d 240, 245). "First, the intervention must not delay the case. Second, the [intervenor] must have a right related or connected to the case that it seeks to enforce. Both parts of the test must be met for an intervention to be permitted." *Id.*

"Louisiana courts have interpreted La. C.C.P. art. 1091 to allow intervention where a justiciable right exists and that right has a connexity with the

3

facts, circumstances, and objects of the main demand." *Johnson v. Orleans Par. Sch. Bd.*, 2022-0731, p. 11 (La. App. 4 Cir. 3/15/23), 359 So.3d 592, 601, *writ denied*, 2023-00549 (La. 6/7/23), 361 So.3d 975 (citing *Harrison v. Gaylord's Nat. Corp.*, 539 So.2d 909, 910 (La. App. 4th Cir. 1989) (no internal citation)). "A 'justiciable right' for purposes of La. C.C.P. art. 1091 'means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." *Johnson*, 2022-0731, p. 11, 359 So.3d at 601 (citing *Amoco Prod. Co. v. Columbia Gas Transmission Corp.*, 455 So.2d 1260, 1264 (La. App. 4th Cir. 1984). "Connexity exists if the intervenor's claim is 'so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights.'" *Id.*, 2022-0731, p. 12, 359 So.3d at 601.

### *April 4, 2025 Hearing*

At the April 4, 2025 hearing on the preliminary injunction, the following colloquy took place regarding Klein's request to intervene:

**The Court**: Go ahead, Mr. Klein.

**Mr. Klein**: One of the issues that we have is that I have moved to be recognized as an intervenor, and that has not been opposed. When we were here the last time, long ago, you said you would rule on that in the 748 case. [Emphasis added]

**The Court**: Yeah, and I remember why--well, I tell you what, first thing, did you receive a copy of this motion to dissolve the TRO?

**Mr. Klein:** I did.

**The Court:** Okay. You're technically not in the case.

**Mr. Klein:** Well your Honor, I have filed a motion to intervene.

**The Court**: No, I got --

**Mr. Klein**: I am waiting for your Honor to allow me to be in the case.

4

**The Court**: What I need to know, and I wanted it here on the record, is exactly what is your role is in this proceeding before I was going to sign the petition for intervention.

**Mr. Klein**: I sign on each time as a intervenor, a potential intervenor. I have not been --

**The Court**: On what basis?

**Mr. Klein**: On the basis of 1099 -- or 1091 says that a third party with interest in the action has a right to intervene. I have a huge interest in this action, and intervention does not require citation--

**The Court**: All right.

**Mr. Klein:** -- so I should be allowed.

**The Court:** You are doing this or your person – personally?

**Mr. Klein:** I am personally involved in all of these issues, so therefore, I have an interest in – against the – your Honor, may I please?

**The Court**: No. No. You need to answer my question. Are you here personally?

**Mr. Klein**: I am here personally on the same side as Hermes, which is what the statute says.

**The Court**: Okay. So you are here as Henry Klein only?

**Mr. Klein**: Henry Klein, aligned with Hermes. That's what the statute says, your Honor.

**The Court**: Mr. Klein, you are making a legal argument. You still -- I want to be clear. You are here personally?

**Mr. Klein**: Yes.

**The Court**: Okay. That's all I needed to hear.

**Mr. Klein:** Yes.

**The Court:** All right.

**Ms. Johnson:** *Your Honor, just for the record, we've never been served with the petition for intervention, as required by the Code of*

*Civil Procedure. We will object to that and we would request a hearing on that so we have an opportunity to be* -- [Emphasis added].

**The Court**: That's exactly the point, Counsel. *That's why I didn't sign the intervention.* [Emphasis added].

**Ms. Johnson**: Thank you, your Honor.

**The Court**: But if y'all sent him a copy, then Mr. Bagneris didn't get one. So I can't take up -- you know, I am not going to take up the TRO to dissolve motion --

**Ms. Johnson**: We emailed a copy to Mr. Bagneris, as well. I mean, we can get -- we can get a read/receipt, your Honor, if you give us a minute. Not the read/receipt, but the thing that says it went to the server.

**The Court**: All right. We got a whole lot of unconnected parts here. Okay. All right. Well, Mr. Klein, now that I've heard that you are personally involved in these proceedings, because I wanted to make sure of that and I wanted to do that on the record, *I will grant your petition for intervention.* [Emphasis added].

**Mr. Klein**: Thank you.

**The Court**: I will execute that.

Relators argue the above colloquy shows Klein has no justiciable interest in the underlying Hermes Petition to warrant an intervention. We agree.

Specifically, the record reveals Klein is not the guarantor or co-guarantor/co-obligor for the loan, mortgage, and security at issue in the Hermes Petition, nor is he the creditor. LoanCo is Hermes' creditor. Although Klein documents past legal disputes with Relators as a litigator and in his individual capacity, the present action between Relators and Hermes does not have a direct impact on Klein or affect his rights. Additionally, his previous disputes with Relators are not dispositive of Hermes' present complaint against Relators.

6

Klein has no legal relationship with Relators. As such, he does not meet any of the requirements articulated in La. C.C.P. art. 1091 that would deem his intervention appropriate.

## CONCLUSION

The trial court abused its discretion in granting Klein's petition of intervention. Klein provided no evidence in support of a justiciable right or connexity to the principal action to justify the intervention.[2] Accordingly, we grant Relators' writ application and reverse the judgment granting Klein's Petition of Intervention.

**WRIT GRANTED;**
**JUDGMENT REVERSED**

**JUNE 9, 2025**

---

[2] The record also reflects the trial court failed to consider any evidence before granting Klein's intervention and did not provide Relators with notice of the hearing related to Klein's intervention petition.

7